UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**MICHAEL D. JONES, JR.**     **CASE NO. 6:19-CV-01074 SEC P**

**VERSUS**     **JUDGE JAMES D. CAIN, JR.**

**PAUL SCOTT**     **MAGISTRATE JUDGE WHITEHURST**

### REPORT AND RECOMMENDATION

Plaintiff Michael D. Jones, Jr. filed a pro se civil rights complaint, pursuant to 42 U.S.C. §1983, on August 15, 2019. Rec. Doc. 1. At the time of filing, plaintiff was incarcerated at the St. Mary Parish Jail (SMPJ) in Centerville, Louisiana.

On February 5, 2020, the undersigned ordered plaintiff to amend his complaint to provide additional information regarding his suit and cure certain deficiencies. Rec. Doc. 9. That order was mailed to plaintiff at the SMPJ, yet was returned on March 9, 2020, marked "RTS Not here." Rec. Doc. 10. Attempts to locate plaintiff *via* the VineLink inmate data base have proven unsuccessful. [See http://www.vinelink.com/index.jsp.]

*Law and Analysis*

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "for failure of the plaintiff to prosecute or to comply with ... any order of court..." The

district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). This power is "vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31. Plaintiff has failed to comply with an Order directing him to amend his Petition. This failure on his part warrants dismissal.

Further, Local Rule (LR) 41.3W provides in part, "The failure of a[]... pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of thirty days." More than thirty days have elapsed since the court's correspondence was returned.

Therefore,

**IT IS RECOMMENDED** that the civil rights complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b) and LR41.3W.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from

service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE in Chambers on this 23rd day of April, 2020.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE